# STATE OF FLORIDA v EGGLESTON

## Case Nos. 45529-ND and 45530-ND

County Court, Volusia County

April 9, 1986

### APPEARANCES OF COUNSEL

**Rob Bobek,** Assistant State Attorney, for plaintiff.

**Eric A. Latinsky** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's Motion to Impose Sanctions and/or Motion to Dismiss.

On September 10, 1985 the defendant was arrested for D.W.I. and given a field sobriety test at the scene. She was transported to the City Jail where she was given a second field sobriety test which was ostensibly recorded on a video tape.

However, unknown to the video operator, the video equipment

malfunctioned and no video tape was recorded. The malfunction was not caused by any negligence by the video operator. The Daytona Beach Police Department has since 1982 video taped defendants charged with D.W.I. and on several other occasions the video equipment also malfunctioned.

The defendant cites *California v. Trombetta,* 104 S.Ct. 2528, 81 L.Ed. (2) 413; *Farrell v. State,* 317 So.2d 142 (Fla. 1st DCA 1975); and *Brady v. Maryland,* 373 U.S. 83 S. Ct. 1194, 10 L.Ed (2) 215, for the proposition that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

None of the above cases involved a video tape and none involved the non-existence of evidence such as we have had.

In the *Farrell* case (supra) an audio tape of a conversation with a narcotics agent and the defendant which would have exculpated the defendant was unintentionally erased. In *Trombetta* (supra) a breath sample was not preserved by the prosecution. In *Brady* (supra) an extra-judicial statement of an accomplice of the defendant charged with murder was withheld by the prosecution.

There are no cases in Florida that deal directly with video taping of persons charged with D.W.I.

However, in the case of the *City of Seattle v. Fettig,* 10 Wash App. 733; 519R(2) 1002, a video tape taken of a defendant charged with D.W.I. was negligently destroyed before trial, but after a municipal judge had reviewed the tape. Applying *Brady* (supra) the court said the crucial question was whether the missing evidence was material evidence favorable to the defendant. The municipal judge who viewed the tape testified there was a "want of intoxication." The conviction of the defendant was reversed.

In *Farrell* (supra) it was stipulated by the State that the erased audio tape contained favorable evidence and the conviction was reversed.

In the case at bar, not only do we have evidence that was neither lost, destroyed or damaged, we have no tape at all and further the prosecution disputes that the video would be favorable to the defendant.

The other out of state case involving a video tape is the case of *Jacobson v. State,* 551 P(2) 935. In that case, no video tape was made of the defendant although the prosecution had the opportunity and the means of doing so.

140

The State Trooper who arrested the defendant asked:

"Q. And you could have had him perform the that you're talking about before a video tape, couldn't you?"

"A. Obviously. If there wasn't one made, there was some reason why there wasn't. Probably there was no tape available or the machine was broken, because it is a practice that is observed by the State Troopers that whenever a person is arrested under this charge, a video tape is made, unless there is no tape or the machine is broken."

"Q. So there really is no evidence to substantiate your oral statement that he swayed?"

"A. Other than my statement, no."

The trial court in the *Jacobson* case (supra) did not allow the defendant to argue the absence of the tape to the jury.

The Appellate Court in reversing the trial court said:

"We are the view that the Trial Court's ruling was erroneous in light of the officers testimony on cross-examination. Officer Lown never asserted that he knew the machine to be broken or lacking tape. At most he tried to explain the lack of tape by speculating that probably there was no tape or the machine was broken, because if the machine were operative and had a tape, a tape would have been made. Since by the officer's own testimony, it was normal practice to make such tapes, counsel's argument concerning the reasons for the departure from normal practice was within the range of permissible final argument."

This Court will not dismiss the charges against the defendant, but if the State seeks to elicit testimony from the witnesses as to how the defendant performed the second field sobriety test at the police station, counsel for the defendant will be allowed to cross-examine the witnesses in the same vein as in the *Jacobson* case and argue the lack of a video tape to the jury.